FRUGÉ, Judge
(dissenting).
I respectfully dissent from the majority’s decision reversing the judgment of the lower court. The lower court found that the obstruction in the street was sufficiently dangerous to cause the accident and was of sufficient prominence to call attention to *229 the City of Opelousas and its proper officials.
The photographs of the defect which caused the fall, in this writer’s opinion, can only be considered inherently dangerous in that the defect is only some twenty inches from the sidewalk, so one stepping off the sidewalk would encounter this defect immediately after the first or second step. In addition, this defect is located directly in the path of one crossing the street when one’s attention would he naturally diverted to automobile traffic.
In questions of fact the lower court’s judgment should not be disturbed unless clearly erroneous. The lower court found that the defect causing the fall was patent and obviously dangerous, and so constituted a trap. Furthermore, it was in such a defective condition that the City could reasonably anticipate bodily injury resulting therefrom. It is my belief that the standard of care required of a pedestrian who has the unfortunate experience of injuring himself by slipping or falling is completely out of line with the standard of care required of a municipality in its upkeep of its sidewalks and streets.
I therefore dissent from the majority’s opinion and believe that the judgment allowing the plaintiff to recover was manifestly correct.